**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
**BUFFALO DIVISION**

| | |
|---|---|
| VIVIENNE ERK ) | Case No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| NORTHSTAR LOCATION SERVICES, ) | |
| LLC ) | **Jury Trial Demanded** |
| ) | |
| Defendant. ) | |
| _____) | |

## NATURE OF ACTION

1. Plaintiff Vivienne Erk ("Plaintiff") brings this action against Defendant Northstar Location Services, LLC ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is a natural person who at all relevant times resided in the State of New Jersey, County of Passaic, and City of West Milford.

*Complaint*
*Page 1 of 9*

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a Bank of America account (the "Debt").

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another.

11. In connection with the collection of the Debt, Defendant sent Plaintiff an initial written communication dated April 7, 2016.

12. A true and accurate copy of Defendant's April 7, 2016 letter to Plaintiff is attached to this complaint as Exhibit A.

13. However, the Debt referenced in Defendant's April 7, 2016 letter does not belong to Plaintiff, but to her deceased ex-husband.

14. In 2011, the Federal Trade Commission ("FTC") issued a policy statement which clarified that misleading individuals into believing that they need to use their personal assets to pay a decedent's debt is a violation of 15 U.S.C. § 1692e. *See* Statement of Policy Regarding Communication in Connection With the Collection of Decedents' Debts, 76 Fed. Reg. 44915 (July 27, 2011) (Policy Statement).

15. In order to prevent individuals from being misled, the FTC suggested two possible disclosure statements: "(1) That the collector is seeking payment from the assets in the decedent's estate; and (2) the individual could not be required to use the individual's assets . . . to pay the decedent's debt." *Id.*

16. Defendant's April 7, 2016 letter did not include any disclosure statements like those listed by the FTC which would have properly conveyed to Plaintiff that she was not required to use her personal assets to pay the decedent's debt. *See* Exhibit A.

17. Because Plaintiff did not owe the Debt or was not required to personally make payments on the Debt, Defendant's letters had the capacity to mislead the consumer, falsely represented the character of the Debt, and attempted to collect an amount not permitted by law.

18. In connection with Defendant's efforts to collect the Debt, on April 18, 2016, Defendant placed a call to Plaintiff's son-in-law.

19.     During the call, an employee of Defendant identified her employer as Northstar Location Services without being expressly asked for this information by Plaintiff's son-in-law.

20.     Defendant did not have Plaintiff's prior consent to contact her son-in-law.

21.     Upon information and belief, Defendant did not have the express permission of a court of competent jurisdiction to contact Plaintiff's son-in-law.

22.     Defendant's communication with Plaintiff's son-in-law was not reasonably necessary to effect a post-judgment judicial remedy.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

23.     Plaintiff repeats and re-alleges each and every factual allegation above.

24.     Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of Plaintiff's alleged debt, including by attempting to collect a debt in its April 7, 2016 letter which Plaintiff does not owe.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(5)

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take an action against Plaintiff that cannot be legally taken or that was not actually intended to be taken, including by attempting to collect a debt in its April 7, 2016 letter which Plaintiff does not owe.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

*Complaint*
*Page 5 of 9*

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692e(10)

27. Plaintiff repeats and re-alleges each and every factual allegation above.

28. Defendant violated 15 U.S.C. § 1692e(10) by using false, deceptive, or misleading representations or means in connection with the collection of any debt, including by falsely representing to Plaintiff that she personally owed the Debt that Defendant was attempting to collect.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692b(1)

29. Plaintiff repeats and re-alleges each and every factual allegation above.

30. Defendant violated 15 U.S.C. § 1692b(1) when it called Plaintiff's son-in-law on April 18, 2016, including by contacting a third party without stating that the purpose of the call was to confirm or correct location information, and by disclosing the identity of Defendant without being expressly requested to do so.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692b(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## COUNT V
## VIOLATION OF 15 U.S.C. § 1692c(b)

31.     Plaintiff repeats and re-alleges each and every factual allegation above.

32.     Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party, namely Plaintiff's son-in-law, for a reason other than in the manner prescribed by 15 U.S.C. § 1692b, without having received the prior consent of Plaintiff or the express permission of a court of competent jurisdiction, and without it being necessary to effect a post-judgment remedy.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(b);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

33.     Plaintiff is entitled to and hereby demands a trial by jury

Dated: September 28, 2016.

                Respectfully submitted,

                s/Russell S. Thompson IV
                Russell S. Thompson IV
                Thompson Consumer Law Group, PLLC
                5235 E. Southern Ave. D106-618
                Mesa, AZ 85206
                Telephone: (602) 388-8898
                Facsimile: (866) 317-2674
                Email: rthompson@consumerlawinfo.com

                s/Joseph Panvini
                Joseph Panvini
                Thompson Consumer Law Group, PLLC
                5235 E. Southern Ave. D106-618
                Mesa, AZ 85206
                Telephone: (602) 388-8875
                Facsimile: (866) 317-2674
                Email: jpanvini@consumerlawinfo.com